UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-13085-RGS

DAVID SPRAGUE

v.

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY

MEMORANDUM AND ORDER ON
REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

December 1, 2016

STEARNS, D.J.

Plaintiff David Sprague appeals the Commissioner of Social Security's decision finding that he is not disabled within the meaning of the Social Security Act and is therefore ineligible for disability insurance benefits and supplemental security income. Sprague objects to the Administrative Law Judge's (ALJ) Step 2 finding that his alleged mental disorders are non-severe. Administrative Record (AR) at 15; Appellant's Mem. at 5.

After a careful analysis of the record, Magistrate Judge Boal recommended that the case be remanded for further consideration by the ALJ. She found it unclear from the ALJ's references to "Mr. Khaira" whether he understood that Dr. Simreet Khaira, one of Sprague's care providers, is in

fact a licensed psychiatrists whose opinion deserves some deference in the disability analysis.1  The Magistrate Judge also noted that the ALJ, and ultimately the Commissioner, mistakenly faulted Dr. Khaira for failing to opine as to Sprague's functional limitations where clearly she had.  AR at 422.  MJ Boal also points out that there are pages missing from Dr. Khaira's report.

As I agree with Magistrate Judge Boal as to the deficiencies in the record on appeal, I will adopt her recommendation and remand the case to the Commissioner for further consideration. 2

ORDER

The Recommendation is ADOPTED and the case is REMANDED to the Commissioner for further consideration of the issues addressed in Magistrate Judge Boal's R&R.

SO ORDERED.

---

[1] Magistrate Judge Boal pointed out "that the Step 2 severity requirement is . . . to be a *de minimis* policy, designed to do no more than screen out groundless claims. . . . [A] finding of 'non-severe' is only to be made where 'medical evidence establishes only a slight abnormality . . . which would have no more than a minimal effect on an individual's ability to work . . . .'" R&R at 13, quoting *McDonald v. Sec'y of Health & Human Servs.*, 795 F.2d 1118, 1124 (1st Cir. 1986).  Therefore, it is important that the court confirm that the ALJ gave full consideration to Sprague's complete medical record.  See *Heggarty v. Sullivan*, 947 F.2d 990, 997 (1st Cir. 1991)

[2] Neither party has filed an objection to the Magistrate Judge's R&R.

/s/ Richard G. Stearns
_____
**UNITED STATES DISTRICT JUDGE**